ALTENBERND, Judge.
Brett Schlifstein appeals the final judgment of dissolution concerning his marriage to Michelle Schlifstein. He argues that the trial court erred in entering a final judgment based on a void mediation agreement. Although we suspect the trial court was attempting to fashion an equitable solution in the best interests of all involved, Mr. Schlifstein is correct that the mediation agreement was void at the time that judgment was entered. As a result, we are compelled to reverse all aspects of the judgment with the exception of the provision dissolving the marriage. Because the mediation agreement failed in its execution and became a nullity, the temporary agreements between the parties in existence at the time that it failed must be reinstated nunc pro tunc.
This couple separated after approximately thirteen years of marriage. Mrs. Schlifstein filed the petition for dissolution in September 2007, and the parties quickly stipulated to temporary support and other provisions in November 2007. In January 2009, the parties engaged in mediation in an effort to resolve all issues. They entered into a comprehensive agreement covering alimony, child support, equitable distribution, attorneys’ fees, and a parenting plan. The first paragraph of this agreement was entitled “conditional full settlement.” It conditioned the entire agreement upon Mr. Sehlifstein’s payment of $130,000 to Mrs. Schlifstein, “which sum is to be paid from a refinancing more further described below.” The paragraph concluded: “Should [Mr. Schlifstein] fail to be able to pay the $130,000 to [Mrs. Schlifstein] as herein below required, this agreement shall be a nullity and have no force and effect whatsoever.”
There is no dispute that Mr. Schlifstein did not make the payment of $130,000 and did not obtain the refinancing. Although the trial court concluded that Mr. Schlif-stein had not been able to make this payment, it enforced the terms of the agreement because it determined that Mr. Schlifstein had not used his best efforts to obtain the refinancing.
For better or worse, the requirements of the agreement did not compel Mr. Schlif-stein to do more than he did. The agreement clearly and unambiguously provided that it would be a nullity if Mr. Schlifstein was unable to make the $130,000 payment. As a result, the agreement became void when he was unable to make the payment. Although Mrs. Schlifstein now takes the position that the agreement remains enforceable, we note that on occasion before the judgment was entered, she, too, took the position that the agreement was void.
In order to avoid further problems for this couple, we decline to reverse that portion of the final judgment that dissolves the marriage. All other provisions must be reversed and the parties returned to their status under the temporary agreements.
Reversed and remanded.
NORTHCUTT and KHOUZAM, JJ., Concur.